FILED '21 MAY 12 PM04:46 MDGA-COL

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **NICOLE REEVES** | § | |
| Plaintiff. | § | |
| | § | |
| vs. | § | Case No. 4:21-cv-80 (cbl) |
| | § | |
| **COLUMUBUS CONSOLIDATED** | § | |
| **GOVERNMENT; RICKY T. BOREN;** | § | |
| **SKIP HENDERSON; RYAN VARDMAN;** | § | |
| **JANE EDENFIELD; RONNIE** | § | |
| **HASTINGS; CHARLES KENNEDY;** | § | |
| **GIL SLOUCHICK; ISAIAH HUGHLEY;** | § | |
| **REATHER HOLLOWELL; JERRY** | § | |
| **BARNES; GLENN DAVIS; BRUCE** | § | |
| **HUFF; TOYIA TUCKER;** | § | |
| **CHARMAINE CRAB; GARY ALLEN;** | § | |
| **EVELYN WOODSON; WALKER** | § | |
| **GARRETT; JUDY THOMAS; JOHN** | § | |
| **HOUSE AND FREDDIE BLACKMON** | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Nicole Reeves, Plaintiff, complaining of Defendants Office of Professional Standards, Columbus Police and Columbus Consolidated Government, and for cause would show the Honorable Court as follows:

### A. NATURE OF THE ACTION

1. This is an action brought by Plaintiff against Defendants, for discriminating against Plaintiff in the disciplinary action taken against her.

2. Plaintiff, an African American woman, alleges that Defendants discriminated against her by arresting her and terminating her employment for various violations while other white police officers who were involved in similar violations, or committed acts of violence against persons, or and more severe than the accusations against her were allowed to continue working.

### B. PARTIES

3. Plaintiff is a female adult of sound mind and a resident of 7635 Macon Road, Midland, GA, 31820. She is a former police officer of Columbus Police Department.

4. Defendant Columbus Police Department was Plaintiff's employer and an agent of Columbus Consolidated Government.

5. Defendant Freddie Blackmon is being sued in his capacity as Chief of Police Columbus

Police Department.

6. Defendant Richard T. Boren is being sued in his former capacity as Chief of Police Columbus Police Department

7. Defendant Skip Henderson is being sued in his individual and official capacity as Mayor of the Columbus Consolidated Government.

8. Defendant Ryan Vardman is being sued in his individual and official capacity as Detective of Columbus Police Department.

9. Defendant Jane Edenfield is being sued in her individual and official capacity as Sergeant of Columbus Police Department.

10. Defendant Ronnie Hastings is being sued in his former capacity as Captain of Columbus Police Department.

11. Defendant Charles Kennedy is being sued in his former capacity as Major of Columbus Police Department.

12. Defendant Gil Slouchick is being sued in his former capacity as Assistant Chief of Police of Columbus Police Department.

13. Defendant Isaiah Hughley is being sued in his individual and official capacity as City Manager of Columbus Consolidated Government.

14. Defendant Reather Hollowell is being sued in her individual and official capacity as Director of Human Resources for Columbus Consolidated Government.

15. Defendant Jerry Barnes is being sued in his individual and official capacity as a member of the Columbus Consolidated Government City Council.

16. Defendant Glenn Davis is being sued in his individual and official capacity as a member of the Columbus Consolidated Government City Council.

17. Defendant Bruce Huff is being sued in his individual and official capacity as a member of the Columbus Consolidated Government City Council.

18. Defendant Tonya Tucker is being sued in her individual and official capacity as a member of the Columbus Consolidated Government City Council.

19. Defendant Charmaine Crabb is being sued in her individual and official capacity as a member of the Columbus Consolidated Government City Council.

20. Defendant Gary Allen is being sued in his individual and official capacity as a member of the Columbus Consolidated Government City Council.

21. Defendant Evelyn Woodson is being sued in her individual and official capacity as a member of the Columbus Consolidated Government City Council.

22. Defendant Walker Garrett is being sued in his individual and official capacity as a member of the Columbus Consolidated Government City Council.

23. Defendant Judy Thomas is being sued in her individual and official capacity as a member of the Columbus Consolidated Government City Council.

24. Defendant John House is being sued in his individual and official capacity as a member of the Columbus Consolidated Government City Council.

## C. JURISDICTION AND VENUE

25. Jurisdiction exists in this Court pursuant to O.C.G.A. 15-7-4.

26. Venue is proper in this court because the causes of action occurred in the Middle District of Georgia.

## D. FACTS

27. Plaintiff, in her capacity as a private citizen, filed a stolen vehicle report on 08/09/19.

28. Plaintiff was arrested on 08/16/19 for various offences relating to the stolen vehicle

report she made on 08/09/19.

29. Plaintiff was placed on administrative leave without pay on 08/16/19. This act was committed contrary to Columbus Police Department Policy 1-5.11 which states "When an employee is arrested or is the subject to criminal charges the employee shall initially be placed on administrative leave with pay."

30. Plaintiff filed a discrimination complaint against the Columbus Consolidated Government with the Equal Employment Opportunity Commission on 01/06/2020.

31. The Office of Professional Standards, works directly under now retired Chief Rickie Boren conducted an investigation into Plaintiff's actions and scheduled a hearing for her to show cause on 10/9/20. The plaintiff's criminal case was still pending and on advice from her attorney she remained silent.

32. The Office of Professional standards reached a determination that Plaintiff was liable for the offences relating to the stolen vehicle report she made on 08/09/19.

33. In a letter dated 10/19/20, the Chief of Police Rickie Boren, via the Office of Professional Standards, terminated Plaintiff's employment for the offences and violations of oath relating to the stolen vehicle report she made on 08/09/19.

## E. PARTICULARS OF DISCRIMINATION

34. Plaintiff incorporates and realleges paragraphs 7-11 of this Complaint.

35. Discrimination is the treatment or consideration of, or making a distinction in favor of or against, a person or thing based on the group, class or category to which that person or thing belongs.

36. Plaintiff's employment was terminated and she was arrested based on the complaints and allegations arising from the stolen vehicle report she made on 08/09/19. The allegations included breach of duty to report accident, false swearing, making of false statements and violations of oath.

37. Plaintiff would like to show this Honorable Court that the arrest and termination of her employment is a huge penalty compared to penalties given to white police officers for similar offences and violations. The penalties given to the white police officers are a slap on the wrist compared to the penalty given to Plaintiff, a black woman.

38. Corporal Gregory Anderson is a white male police officer employed by the Columbus Police Department. On 6/16/11, the Office of Professional Standards found that Corporal Gregory Anderson was in violation of O.G.C.A. Section 3-14.8 and 1-7.6. He had failed to report an accident involving a police vehicle and had carelessly handled city property. The only form of disciplinary action he received was being placed on Administrative Leave with pay for only 3 days. The Office of Professional Standards also recommended additional training and counseling for Corporal Gregory Anderson.

39. Sergeant Mark Richards is a white male police officer employed by the Columbus Police Department. On 6/24/16, the Office of Professional Standards found that Sergeant Mark Richards was in violation of O.G.C.A. 40-6-121 and 40-6-270 which provide for failure to report honestly and accurately; and rough, careless or dangerous handling of city property respectively. The only form of disciplinary action he received was a 5-day suspension. Just like in Corporal Gregory Anderson's case, the Office of Professional Standards recommended additional training and counseling for Sergeant Mark Richards.

40. Officer First Class Julie Haynes is a white female police officer employed by the Columbus Police Department. She was investigated for racial profiling of a black police officer named JoeDave Roberson. Investigation into the allegations was initiated on 1/10/17. Officer Haynes was also placed on Administrative Assignment on that day.

41. Officer JoeDave Roberson stated that on 7/28/16, Officer First Class Julie Haynes stopped him while he was driving. She asked him for license and registration. Officer Roberson asked Officer Haynes why she stopped him. She said that his decal looked out of date. Officer Haynes also said that his insurance had an issue but Officer Roberson said there was nothing wrong with his insurance. He knew that Officer Haynes was trying to find a way to enter his car. Officer Roberson then introduced himself as an officer and Officer Haynes said, "My bad, you know how it is." Officer Haynes had no probable

cause for stopping Officer Roberson. She had profiled him for being black and suspected him for having drugs, for no reason. When she realized that Roberson was an officer just like her, she stopped harassing him.

42. She was culpable of other offences such as false statements, false swearing, conduct unbecoming of an officer and failure to report accurately and honestly. She also admitted to lying but the Chief of Police Rickie T. Boren

43. released her from Administrative Assignment and reinstated her to duty on 10/6/17. The Office of Professional Standards stated that the investigation's findings revealed insufficient evidence to clearly prove or disprove the allegations on Officer JoeDave Roberson's complaint.

44. Corporal Ashley Still is a white female police officer employed by the Columbus Police Department. She was investigated for theft of lost or mislaid property contrary to O.G.C.A. 16-8-6. She was caught on body camera taking a ring that did not belong to her on 10/5/17. There was video footage and witness testimony to confirm that. At the conclusion of the investigation, the Bureau of Patrol Service discovered that she had committed various violations such as failure to report that she had found a ring; failure to meet or maintain minimum departmental performance standards; appropriating any lost, found, stolen property, or evidentiary property for personal use, conversion, copy, or distribution for personal gain or advantage; and theft of lost or mislaid property.

45. Contravention of O.G.C.A. 16-8-6 is a criminal offence, therefore a violation of oath of service. Corporal Ashley Still was supposed to be charged with theft of lost or mislaid property contrary to O.G.C.A. 16-8-6 but the only form of discipline she received was suspension without pay for 3 days.

46. Detective Ryan Vardman is a white male officer employed by the Columbus Police Department. He was investigated for the use of excessive force, at which time his accuser requested that he be charged. Initially Detective Vardman denied striking the individual, verbally and written. He later confessed to striking the individual. Detective Vardman was not placed on Administrative Leave or Administrative assignment during the investigation. He was not charged with O.C.G.A. 16-5-23 Simple Battery for punching the arrested person. He was not charged with O.C.G.A. 16-10-71 False Swearing for lying to the supervisor investigating the complaint or lying in the offense report that he testified to in court. Ryan Vardman was suspended for two days for the unjustified use of force.

47. Detective Ryan Vardman used deadly force by motor vehicle on May 18, 2017. He was observed on patrol vehicle camera running multiple lights and stop signs as he chased a fleeing suspect through traffic (violating multiple policies) and struck the suspect with his patrol vehicle. This incident caused the fleeing suspect to die. Detective Vardman was never charged or terminated for the taking of human life. The investigation is mentioned in his file but is not included.

48. Sergeant Jane Edenfield is a white female police officer who was disciplined on 12/20/10 for an incident that occurred on 6/12/10. Sergeant Edenfield was complained on because she engaged in apparent inappropriate behavior involving juveniles and alcohol. Sergeant Edenfield was observed on camera allowing juveniles to drink alcohol at a party and was observed on camera allowing a 16 year old juvenile to bite her left breast.

49. Sergeant Jane Edenfield was not charged with Contributing to the Delinquency of a Minor (O.C.G.A. 16-12-1) or Violation of Oath. Sergeant Edenfield was simply suspended for 5 days without pay, after admitting to the crime.

50. White officers received light penalties such as being placed on Administrative Assignment, suspension for a few days, and additional training and counseling, even after committing criminal offences. Plaintiff's employment was terminated and she was arrested.

51. That the penalty for Plaintiff, a black person, was arrest and termination of employment, and the penalties for white police officers were Administrative Assignment, suspension for few days, and provision of additional training and counseling, amounts to discrimination.

52. Plaintiffs ought to have been given a light penalty just like white police officers. The Chief of Police should not have given her the harshest penalty because she is a black

person.

## F. PRAYER FOR RELIEF

REASONS WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the following reliefs:

a. A declaration that the Letter of Termination of Employment dated October 19, 2020 is set aside;

b. A declaration that Plaintiff's termination was based on discrimination;

c. Award Plaintiff special damages in the form of unpaid wages and allowances during the period of termination of employment;

d. Award Plaintiff punitive damages;

e. Award Plaintiff pre and post judgment interests, costs of this suit and attorney fees as allowed by law;

f. Such equitable relief as may be appropriate under the circumstances; and

g. Award such further relief as this Honorable Court deems necessary and proper.

Respectfully Submitted,

Nicole Reeves
7635 Macon Road
Midland, Georgia 31820
7066629767
nicolenreeves@gmail.com

## VERIFICATION

I, Nicole Reeves, being duly sworn depose and say that I am the Plaintiff in the above entitled action, that I have read the foregoing Complaint and know the contents thereof. That the same is true of my own knowledge except as to those matters and things stated upon information and belief, and as to those things, I believe them to be true.

*(Sign in the presence of a Notary Public)*

Sworn to and subscribed before me this the 12 day of May, 2021.

Notary Public

Norman Johnson
(Printed name of Notary Public)    NORMAN A. JOHNSON
My Commission Expires: NOTARY PUBLIC - MUSCOGEE CO. GA
My Commission Expires Dec 16, 2024

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent on the **(Date)** day of **(Month) (Year)** by regular U.S. mail, by facsimile, or certified mail, return receipt requested, to the following parties or attorneys of record:

**(Name of Attorney)**, Attorney at Law

# UNITED STATES DISTRICT COURT

for the

District of _____

Appendix D

Nicole Natasha Reeves
_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

"See attached"
_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Nicole Natasha Reeves
Street Address: 7635 Macon Road
City and County: Midland; Muscogee County
State and Zip Code: Georgia  31820
Telephone Number: (706) 662-9767
E-mail Address: nicolenReeves@gmail.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
Name: Skip Henderson
Job or Title *(if known)*: Mayor

Defendants

Columbus Consolidated Government; Ricky T. Boren; Skip Henderson; Ryan Vardman; Jane Edenfield; Ronnie Hastings; Charles Kennedy; Gil Slouchick; Isaiah Hughley; Reather Hollowell; Jerry Barnes; Glenn Davis; Bruce Huff; Toyia Tucker; Charmaine Crab; Gary Allen; Evelyn Woodson; Walker Garrett; Judy Thomas; Junn House; and Freddie Blackmon

Street Address: 100 10th Street
City and County: Columbus, Muscogee
State and Zip Code: Georgia 31901
Telephone Number: (706) 225-4712
E-mail Address (if known): SkipHenderson@columbusga.org

Defendant No. 2
Name: Columbus Consolidated Government
Job or Title (if known):
Street Address: 100 10th Street
City and County: Columbus, Muscogee
State and Zip Code: Georgia 31901
Telephone Number: (706) 653-4000
E-mail Address (if known):

Defendant No. 3
Name: Reather Hollowell
Job or Title (if known): City Human Resources Director
Street Address: 100 10th Street, West Wing, 1st Floor
City and County: Columbus, Muscogee
State and Zip Code: Georgia 31901
Telephone Number: (706) 225-4045
E-mail Address (if known):

Defendant No. 4
Name: Ricky T. Boren
Job or Title (if known): Former Police Chief
Street Address: 510 10th Street
City and County: Columbus, Muscogee
State and Zip Code: Georgia 31903
Telephone Number: (706) 653-3231
E-mail Address (if known):

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

Name: Columbus Police Department, Columbus Consolidated Government
Street Address: 510 10th Street
City and County: Columbus, Muscogee
State and Zip Code: Georgia 31903
Telephone Number: (706) 653-3231

31

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- ☒ Title VII of the Civil Rights Act of 1964. as codified. 42 U.S.C. §§ 2000e to 2000e-17 (race. color. gender. religion. national origin).

    *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☐ Age Discrimination in Employment Act of 1967. as codified. 29 U.S.C. §§ 621 to 634.

    *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- ☐ Americans with Disabilities Act of 1990. as codified. 42 U.S.C. §§ 12112 to 12117.

    *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- ☐ Other federal law *(specify the federal law)*:

- ☐ Relevant state law *(specify, if known)*:

- ☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.

32

      ☐ Failure to accommodate my disability.
      ☒ Unequal terms and conditions of my employment.
      ☐ Retaliation.
      ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
   8/16/2019

C. I believe that defendant(s) *(check one)*:
      ☐ is/are still committing these acts against me.
      ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
      ☒ race    African American
      ☒ color    Black
      ☐ gender/sex
      ☐ religion
      ☐ national origin
      ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
      ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

"See attached"

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

33

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

12/31/2019

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☒ issued a Notice of Right to Sue letter, which I received on *(date)* 2/23/21.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

a. A declaration that the letter of termination of Employment dated 10/19/20 is set aside;
b. A declaration that the plaintiffs termination was based on discrimination;
c. Award plaintiff special damages in the form of unpaid wages and allowances during period of termination of employment.
d. Award plaintiff punitive damages;
e. Award plaintiff pre and post judgement interests, costs of this suit and attorney fees as allowed by law;
f. Such equitable relief as may be possible and appropriate under the circumstances; and
g. Award such further relief as this Honorable court deems necessary and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

34

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

**A.**   **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5/12/2021

Signature of Plaintiff _____
Printed Name of Plaintiff  Nicole Reeves

**B.**   **For Attorneys**

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

35