IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

NICOLE REEVES,                    *

     Plaintiff,                 *

vs.                               *        CASE NO. 4:21-cv-00080-CDL

COLUMBUS CONSOLIDATED            *
GOVERNMENT et al.,
                                  *
     Defendants.
                                  *
_____

O R D E R

The Columbus Police Department ("Department") fired Nicole Reeves for offenses relating to a stolen vehicle report that she submitted as a private citizen outside the scope of her employment duties.  Reeves alleges that her suspension without pay and ultimate termination were motivated by her race and color.  She brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") against the Columbus Consolidated Government ("CCG") and twenty individual defendants. For the following reasons, Defendants' partial motion to dismiss (ECF No. 8) is granted.

MOTION TO DIMSISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.   But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Reeves alleges the following facts in support of her claims. The Court must accept these allegations as true for purposes of the pending motion.   At the time of the incident giving rise to her ultimate termination of employment, Reeves was a police officer with the Department and thus an employee of CCG.   While employed with the Department, Reeves, as a private citizen, filed a stolen vehicle report; she was arrested several days later for offenses relating to that report.   Compl. ¶¶ 3, 27-28, ECF No. 1.   The Department placed her on administrative leave without pay following her arrest. *Id.* ¶ 29.   After an investigation, the Department concluded that evidence supported the charges against Reeves and terminated her employment. *Id.* ¶¶ 31-33.

Reeves, who is black, alleges that white officers received more lenient discipline when they violated Department policies. In support of this contention, she offers examples of white officers who committed offenses she deems more serious than hers but were not terminated; instead, they received short suspensions (often with pay), reassignment, and additional training and counseling requirements. *Id.* ¶¶ 37-50. Reeves claims that this alleged disparate discipline violates Title VII's prohibitions against race and color discrimination. *Id.* at 9-10.[1] Defendants seek to dismiss all of Reeves's claims against the individual Defendants, Reeves's color discrimination claim based upon a failure to exhaust administrative remedies, and Reeves's claim based on Defendants' conduct outside the employment context.

DISCUSSION

## I.   Claims Against Individual Defendants

Reeves asserts Title VII claims against twenty individuals in their individual and official capacities, including five current CCG employees, four former CCG employees, and eleven CCG elected officials. *Id.* ¶¶ 5-24. Defendants move to dismiss all claims against the individual Defendants. Title VII imposes liability on employers, not individuals. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam) ("The relief granted under

---

[1] The Complaint's page numbering is not sequential, so when the Court cites the Complaint pages specifically it cites the page number in ECF No. 1.

Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."). Accordingly, Reeves's claims against the Defendants in their individual capacities are dismissed whether they are still employed by CCG or not.

As to Reeves's claims against the officials in their official capacities, those claims are treated as claims against the officials' employer, CCG. Accordingly, those officials are dismissed as parties to this action, and Reeves's official capacity claims shall proceed against CCG as the proper party.

## II.  Color Discrimination Claim

Defendants move to dismiss Reeves's color discrimination claim against CCG for failure to exhaust administrative remedies. Title VII recognizes separate claims for race and color discrimination. 42 U.S.C. § 2000e-2(a) (making it unlawful for an employer to discriminate against an individual "because of . . . race, [or] color"). Because Congress distinctly referred to race and color in the same provision, the plain language of the statute suggests that "race" means "race" and "color" means "color." *See Lowe v. S.E.C.*, 472 U.S. 181, 208 n.53 (1985) (courts "must give effect to every word that Congress used in the statute"). Defendants construe Reeves's complaint as asserting both types of claims. Although Defendants acknowledge that Reeves has exhausted her administrative remedies regarding her "race"

claim, they maintain that she never exhausted her "color" claim. In some circumstances, allegations of race discrimination are synonymous with color discrimination. *See* 1 Roger Mastalir, Employment Discrimination: Law and Practice §6.02[B] (5th ed. 2020) (explaining that courts frequently view color discrimination claims as race discrimination claims).   When a person alleges that she was treated different than someone of another race *and* color, they often mean that they were the victim of racial discrimination. *See, e.g.*, *Landry v. Lincare, Inc.*, 579 F. App'x 734, 737 (11th Cir. 2014) (per curiam) (construing race and color discrimination Title VII claims only as race discrimination claims, where a black employee alleged that he was treated less favorably than a white employee).   But sometimes persons of the same race may be treated differently based on differences in the pigmentation of their skin.   EEOC Compliance Manual, § 15-III (2006), https://www.eeoc.gov/laws/guidance/section-15-race-and-color-discrimination#III (explaining that "courts and the Commission read 'color' [under Title VII] to have its commonly understood meaning – pigmentation, complexion, or skin shade or tone").   Such disparate treatment may give rise to a "color" discrimination claim, but not a "race" discrimination claim. *See Walker v. Sec'y of Treasury, I.R.S.*, 713 F. Supp. 403, 405-08 (N.D. Ga. 1989), *aff'd without opinion*, 953 F.2d 650 (11th Cir. 1992) (outlining the definitional and historical distinction between

causes of action for race and color discrimination); *see also Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 n.5 (4th Cir. 2002) (explaining an EEOC charge must at least "hint that [the plaintiff's] particular skin tone motivated the alleged discrimination" to give rise to a Title VII color discrimination claim).

To the extent that Reeves's complaint alleges a plausible "color" discrimination claim, which is doubtful, she failed to exhaust it. Before filing a Title VII action, a plaintiff "must first file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004); *accord* 42 U.S.C. § 2000e-5. The charge of discrimination must contain all grounds that are later brought in the Title VII suit, for "allegations of new acts of discrimination are inappropriate" in subsequent judicial proceedings. *Gregory*, 355 F.3d at 1279-80. But "the scope of an EEOC complaint should not be strictly interpreted." *Id.* at 1280 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)). Instead, a plaintiff may bring Title VII claims that "amplify, clarify, or more clearly focus" those raised in the EEOC charge, so long as they "related to, or grew out of, the allegations contained in her EEOC charge." *Id.* at 1279-80.

Reeves's EEOC charge clearly accuses Defendants of *race* discrimination. She stated that she was discriminated against

because she is "Black" and that white officers who committed
similar infractions were not disciplined as she was.  Pl.'s EEOC
Charge of Discrimination 3, ECF 1-2.  Importantly, she also checked
the "race" discrimination box on her charge and did not check the
"color" discrimination box.  *Id.*  Thus, reading her charge as a
whole, it would be reasonable to conclude that she claimed that
Defendants engaged in racial discrimination.  The EEOC would not
have understood that Reeves was claiming that she had been
discriminated against based on differences in the pigmentation of
her skin separate and apart from her race.  *See Bryant*, 288 F.3d
at 132-33, 132 n.5 (finding that the plaintiff's color
discrimination was outside the scope of his EEOC charge because
the charge was "devoid of any hint" that the plaintiff's
"particular skin tone motivated the alleged discrimination").
Accordingly, the Court finds that she has not exhausted her
administrative remedies as to a "color" discrimination claim, and
that claim is dismissed.[2]

---

[2] The Court hastens to add that Reeves's failure to check the "color"
discrimination box on the EEOC charge is not dispositive of the
exhaustion inquiry.  But it is certainly relevant.  In addition to the
absence of a check in the "color" discrimination box, Reeves
affirmatively checked the box for "race" discrimination.  Furthermore,
her factual allegations that she, a black person, was treated different
from white officers is entirely consistent with such a claim for race
discrimination.  While the failure to check the "color" discrimination
box is also consistent with a charge of racial discrimination, it is not
consistent with a charge of "color" discrimination.  Such a claim
requires more—allegations that skin pigmentation or tone characteristics
motivated the disparate treatment separate and apart from race.  There
are no allegations anywhere in the charge relating to differences in

## III. Claim "Regarding Plaintiff's Criminal Arrest"

To the extent that Reeves's complaint could be construed to allege claims pursuant to Title VII that are outside the employment context, those claims are also dismissed.  To prevail on a Title VII discrimination claim, a plaintiff must establish that her employer subjected her to an "adverse employment action"—an "action that has a negative impact on 'the terms, conditions, or privileges of the plaintiff's job in a real and demonstrable way.'" *Henderson v. City of Birmingham*, 826 F. App'x 736, 741 (11th Cir. 2020) (per curiam) (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). Defendants do not dispute that Reeves may pursue claims "arising from the employment-related actions taken against" her: "leave without pay and termination."  Defs.' Br. in Supp. of Mot. to Dismiss 10, ECF No. 8-1.  Reeves confirms in her response brief that she only seeks to recover for these adverse employment actions.  Pl.'s Resp. to Defs.' Mot. to Dismiss 7, ECF No. 12.  To the extent Reeves's Complaint could be interpreted to assert claims

skin color except for those that use skin color to describe race.  When Reeves had the opportunity to clearly indicate that she was asserting such a claim, she did not check the box.  When read in context, the entire charge does not put the EEOC or Defendant on reasonable notice that Reeves intended to assert a color discrimination charge, as that phrase is understood under Title VII, in addition to her race discrimination charge.  To hold otherwise under the circumstances presented here, would mean that race and color discrimination are synonymous under Title VII, which they are not.

based upon something other than adverse employment actions, those claims are dismissed because they are beyond the scope of Title VII and/or because they have been abandoned.

CONCLUSION

As discussed above, Defendants' partial motion to dismiss (ECF No. 8) is granted. Because Reeves's request to amend her complaint could not cure the deficiencies regarding the claims that have been dismissed, allowing her leave to amend would be futile. Thus, her request is denied.


IT IS SO ORDERED, this 22nd day of November, 2021.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA